JENNETTE E. GARDNER, Respondent, v. CHARLES B. BENEDICT, as Executor, etc., of HENRY W. GARDNER, Deceased, Appellant.

*Ante-nuptial agreement — contest as to its execution — contradiction of a witness by proof of declarations of the widow against her interest — impropriety of counsel acting as a witness.*

On the trial before a referee of an action brought by a widow against the personal representative of her deceased husband, upon an alleged ante-nuptial agreement in writing, where the execution of the instrument by the husband was in issue, the plaintiff's case was established by the testimony of her son by a former marriage, who drafted the instrument, but his testimony was sought to be discredited by evidence of the defendant and of a grandson of the deceased as to declarations of the plaintiff, made soon after her husband's death, that she did not know of any claims against his estate and that she had none. The referee decided in favor of the plaintiff.

*Held,* that, in considering such testimony in reference to declarations, the courts are constantly mindful of the liability of the witness to be mistaken even when honest, and of the facility with which it may be fabricated if he is otherwise;

That it was apparent that the declarations might have been made and yet not discredit the testimony of the plaintiff's witness in any degree; and that it was for the referee to say how far they did discredit it, if at all.

It was further sought to discredit the testimony of the plaintiff's witness by the fact that the plaintiff's counsel, who it was assumed might have corroborated such testimony, was not called to do so. The witness testified that he prepared the instrument in suit for the signature of the deceased mainly at the dictation of the counsel, and within a few minutes after its execution took it into the latter's office and showed it to him.

*Held,* that the conclusion of discredit was by no means a necessary one;

That the testimony of the proposed witness would probably not have been admissible except as to the single fact that the contract was exhibited to him after it was executed, and hardly as to that unless he could verify the signature of the deceased;

That as the proposed witness was acting as counsel for the plaintiff on the trial, his declining to be at the same time a witness for his client was only consistent with a rule of professional conduct which could not have been violated with propriety ;

That the inference, if any, to be drawn from the omission to call him as a witness, was a question for the referee, with whose conclusion in that respect the court would not interfere.

APPEAL by the defendant, Charles B. Benedict, as executor, etc., of Henry W. Gardner, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Wyoming county on the 3d day of May, 1893, upon the report of a referee.

*Bowen & Washburn*, for the appellant.

*M. E. & E. M. Bartlett*, for the respondent.

DWIGHT, P. J. :

The action was on an alleged ante-nuptial agreement of the defendant's testator, Henry W. Gardner, with the plaintiff, who is the widow of the deceased. The parties were married in May, 1882, and lived together until the death of the husband in December, 1891. At the time of their marriage the deceased was a widower of the age of seventy-three years, and the plaintiff, of the age of sixty-two years, was the widow of one Patrick R. Gardner, to whom she was married at the age of seventeen, and who died in 1870.

The complaint alleged that Patrick R. Gardner was the owner at the time of his death of a farm of 140 acres and " a large amount of personal property ; " that by his last will he gave the use of all his property, real and personal, to his widow, the plaintiff, during her life or widowhood, and provided that upon her death or remarriage the whole of the property should go to his children ; that such provision was made and accepted by the widow in lieu of dower, and that at the date of the contract in question she was enjoying the possession, rents, profits and income of all the property above mentioned.

It is further alleged that when, in March, 1882, the defendant's testator proposed marriage to the plaintiff, she informed him of the provisions of her late husband's will and of her acceptance of it in lieu of dower, and spoke of the consequences to her, in a pecuniary point of view, in case she remarried, and that the deceased thereupon pro-

FIFTH DEPARTMENT, JANUARY TERM, 1894. [Vol. 75.

posed to give her the sum of $3,000 if she would marry him, and to secure that sum to her in a manner satisfactory to her, and that it was agreed between them that the matter of securing the payment of $3,000 should be arranged by the deceased with the son of the plaintiff, Charles J. Gardner, acting for her, and that on the 9th day of May, 1882, the deceased duly executed, acknowledged and delivered to the plaintiff an instrument in writing, under his hand and seal, whereby, in contemplation of marriage with the plaintiff, he promised and agreed that in the event of such marriage his personal representative should pay to her, or to her personal representatives, the sum of $3,000 ninety days after his death, which she accepted, and in consideration thereof was married to him on the next day, and continued to live with him as his wife until he died.

The only issue made by the answer of the defendant, which is discussed by counsel for the defendant on this appeal, is the simple issue of fact which is joined by the defendant's denial, on information and belief, that the promise was ever made, or that the instrument in writing was ever executed by the deceased. A careful examination of the evidence satisfies us that the finding of the learned and experienced referee upon that issue, in favor of the plaintiff, cannot be disturbed. The case was completely established by the testimony of her son, Charles J. Gardner, if credit is to be given to him, and as the case stands on the record we should have been greatly surprised if credit had been denied him. The witness, as he is presented by the record, is altogether worthy of credit ; the testimony he gives is altogether credible in itself, and it is not contradicted in any particular. It is sought to be discredited only by evidence of declarations of the plaintiff, soon after her husband's death, that she did not know of any claims against his estate, and that she had none, and by the fact that a person who, it is assumed, might have corroborated the testimony in question, was not called to do so. It is unnecessary to dwell upon the alleged declarations of the plaintiff. The testimony on that subject is given by the defendant and a grandson of his testator. The courts are constantly mindful of the liability of such testimony to be mistaken when the witness is honest, and of the facility with which it may be fabricated if he is otherwise, and it is apparent that the declarations may even have been made and yet not discredit the testimony of Charles J. Gard-

ner in any degree. It was for the referee to say how far they did so, if at all, in this case.

The same may, and, indeed, must, be said in respect to the other alleged ground for discrediting the testimony of the principal witness, but so much stress is laid upon it in the argument of counsel that it is proper to give it a moment's attention at this point. Charles J Gardner testified that he prepared the written contract for the signature of the deceased, mainly at the dictation of Judge Byron Healey, then, as for many years, county judge and surrogate of Wyoming county. Mr. Gardner had lately ended a second term as county clerk of the county, and at that time had an office in the court house, across the hall from Judge Healey's. He testifies that having it in his mind to prepare such a contract, he stepped into Judge Healey's office to ask his advice how to do it, and that the latter substantially dictated for him the contract which he wrote. He also testifies that within a few minutes after the contract was executed he took it into Judge Healey's office and showed it to him. Judge Healey appeared as counsel for the plaintiff on the trial of this action, and himself conducted the examination of the witness Gardner, in which these facts were elicited, but he did not himself take the stand to testify in the case. It is strongly urged by counsel for the defendant that this fact should have discredited the testimony of Mr. Gardner. The conclusion is by no means a necessary one. In the first place, the testimony of the proposed witness would, probably, not have been admissible, except as to the single fact that the contract was exhibited to him after it was executed, and hardly that, unless he was prepared to verify the signature of the deceased. All that preceded the execution of the instrument was *res inter alios*, and the fact that Gardner wrote in Judge Healey's office, and at his dictation, afforded no presumption that it was ever executed by the deceased, and the testimony of Gardner does not go far enough to show that Judge Healey had the opportunity to examine the signature, nor that he would have been able to verify it if he had done so. But, besides all this, Judge Healey was counsel for plaintiff on the trial, and, being such, his declining to be at the same time a witness for his client, was only consistent with a rule of professional conduct which could not have been violated with propriety, so that it was, at the outset, a question of choice

with the plaintiff whether she could best dispense with his services as her counsel or refrain from calling him as a witness, if, indeed, he could give any testimony which would be admissible in the case. But, after all, the inference, if any, to be drawn from the omission to call Judge Healey as a witness, was a question for the referee, and the court will certainly not interfere with his conclusion in that respect.

Only one other question was presented by the argument of counsel for the defendant which seems to call for consideration here. That question arises upon rulings of the referee in striking out and afterwards reinstating (both on motion of the plaintiff) certain evidence in the case which had been introduced by her, and objected to by the defendant. The evidence related to the provisions of the will of Patrick Gardner, the former husband of the plaintiff, and to the amount and value of the property, the use and income of which the plaintiff was to enjoy during her widowhood. We think it an answer to all the criticism of counsel, on the course of the trial in this respect, that the evidence was entirely admissible; that it was an excess of caution on the part of the plaintiff to move to strike it out, and that there was no error in its readmission. The facts involved were, as we have seen, substantially alleged in the complaint; they were treated as issuable facts by the defendant by admitting them in part and denying them in part by his answer; they were recited in the written instrument itself, on which the action was brought as inducement and consideration therefor, and as such they are inseparable from the plaintiff's case.

We find no exception in the record which points to error either on the trial or in the findings or refusals to find by the referee. The judgment should, therefore, be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.